**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **WENDY M. GARCIA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:20-cv-02004** |
| | § | |
| **PHH MORTGAGE CORPORATION,** | § | |
| | § | |
| *Defendant.* | § | |

---

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

**LOCKE LORD LLP**

**Robert T. Mowrey (Attorney-in-Charge)**
State Bar No. 14607500 / S.D. Bar No. 9529
rmowrey@lockelord.com
**Arthur E. Anthony**
State Bar No. 24001661 / S.D. Bar No. 27943
aanthony@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (facsimile)

**Sahar H. Shirazi**
State Bar No. 24085809 / S. D. Bar No. 2149563
sahar.shirazi@lockelord.com
JP Morgan Chase Tower
600 Travis Street, Suite 2800
Houston, Texas  77002
(713) 226-1200
(713) 223-3717 (facsimile)

**ATTORNEYS FOR DEFENDANT**

# TABLE OF CONTENTS

I.    NATURE AND STAGE OF THE PROCEEDING .................................................. 1

II.   SUMMARY JUDGMENT EVIDENCE.................................................................. 1

III.  STATEMENT OF FACTS .................................................................................... 2

    A.   THE LOAN .................................................................................................... 2

    B.   PLAINTIFF'S DEFAULT AND THE ACCELERATION OF THE MATURITY OF
        THE LOAN ..................................................................................................... 3

    C.   NO FORECLOSURE SALE HAS OCCURRED .................................................. 3

IV.   ARGUMENTS AND AUTHORITIES ................................................................... 3

    A.   SUMMARY JUDGMENT STANDARD ............................................................. 3

    B.   DEFENDANT SENT ALL REQUIRED FORECLOSURE-RELATED NOTICES
        TO PLAINTIFF AND IS THEREFORE ENTITLED TO SUMMARY JUDGMENT
        DISMISSING PLAINTIFF'S CLAIMS ............................................................. 5

        i.    Notice of Default was Properly Served............................................. 5

        ii.   Notice of Acceleration and Sale was Properly Served ..................... 6

    C.   THE FRAUD CLAIM FAILS ........................................................................... 7

        i.    Plaintiff Cannot Establish the Elements of a Fraud Claim ............... 7

        ii.   To the Extent Plaintiff Premises the Fraud Claim upon Alleged
              Oral Misrepresentations Related to an Alleged Promise to
              Modify the Loan, the Fraud Claim is Barred by the Statute of
              Frauds ............................................................................................... 8

        iii.  Plaintiff's Fraud Claim Fails on No-Evidence Grounds.................. 10

    D.   PLAINTIFF'S TEXAS PROPERTY CODE AND WRONGFUL FORECLOSURE
        CLAIMS FAILS ........................................................................................... 10

    E.   PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF................................ 12

    F.   PLAINTIFF IS NOT ENTITLED TO ATTORNEY'S FEES ................................... 13

V.    CONCLUSION ................................................................................................... 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**State Cases**

*Butnaru v. Ford Motor Co.*,
  84 S.W.3d 198 (Tex. 2002)........................................................................................12

*Ellen v. F.H. Partners, LLC*,
  No. 03-09-00310-CV, 2010 WL 4909973 (Tex. App.—Austin Dec. 1, 2010,
  no pet.) .......................................................................................................................9

*Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*,
  51 S.W.3d 573 (Tex. 2001)........................................................................................10

*Green Int'l, Inc. v. Solis*,
  951 S.W.2d 384 (Tex. 1997)......................................................................................13

*Hill v. Fremont Inv. & Loan*,
  No. 05–02–01438–CV, 2004 WL 1178607 (Tex. App. – Dallas May 28, 2004,
  no pet.) .......................................................................................................................5

*Holy Cross Church of God in Christ v. Wolf*,
  44 S.W.3d 562 (Tex. 2001)........................................................................................6

*Peterson v. Black*,
  980S.W.2d  818(Tex. App.—San Antonio 1998, no pet.) ........................................8

*San Felipe Rd. Ltd. P'ship v. Trafalgar Holdings I, Ltd.*,
  218 S.W.3d 137 (Tex. App.—Houston [14th Dist] 2007, pet. denied) ...................9

**Federal Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986).....................................................................................................4

*Anderson v. National City Mortg.*,
  No. 3:11-CV-1687-N, 2012 WL 612562 (N.D. Tex. Jan. 17, 2012)......................11

*Ashton v. BAC Home Loan Servicing, L.P.*,
  No. 4:13-cv-810, 2013 WL 3807756 (S.D. Tex. Jul. 19, 2013) ............................11

*Bailey v. BAC Home Loans Servicing, LP*,
  No. 4:11-CV-590, 2012 WL 5497632 (E.D. Tex. Nov. 13, 2012)..........................9

*Baker v. Countrywide Home Loans, Inc.*,
  No. 3:08-CV-0916-B, 2009 WL 1810336 (N.D. Tex. June 24, 2009) ...................12

*Bassknight v. Deutsche Bank Nat. Trust Co.*,
 No. 3:12-CV-1412-M BF, 2014 WL 6769085 (N.D. Tex. Dec. 1, 2014),
 *subsequently aff'd*, 611 F. App'x 222 (5th Cir. 2015) ............................................................9

*Biggers v. BAC Home Loans Servicing, LP*,
 767 F. Supp. 2d 725 (N.D. Tex. 2011) ...............................................................................12

*Bittinger v. Wells Fargo Bank NA*,
 No. H–10–1745, 2011 WL 3568206 (S.D. Tex. Aug. 15, 2011)............................................11

*Carey v. Wells Fargo*,
 No. CV H-15-1666, 2016 WL 4246997 (S.D. Tex. Aug. 11, 2016) ......................................11

*Casey v. Fed. Home Loan Mortg. Ass'n*,
 No. H-11-3830, 2012 WL 1425138 (S.D. Tex. Apr. 23, 2012 )..............................................9

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986)................................................................................................................4

*Choe v. Bank of Am., N.A.*,
 No. 3:13-CV-0120, 2013 WL 3196571 (N.D. Tex. June 25, 2013) .........................................9

*Cook v. Wells Fargo Bank, N.A.*,
 No. 3:10-CV-592-D, 2010 WL 2772445 (N.D. Tex. July 12, 2010)......................................12

*Cross v. Cummins Engine Co.*,
 993 F.2d 112 (5th Cir. 1993) .................................................................................................4

*Davis v. Bank of America*,
 No. 3:11-CV-3276-B, 2012 WL 2679452 (N.D. Tex. July 6, 2012)......................................12

*Deranchesi v. Wells Fargo Bank, N.A.*,
 837 F. Supp. 2d 616, 626-27 (N.D. Tex. 2011) ...................................................................12

*EEOC v. Chevron Phillips*,
 570 F.3d 606 (5th Cir. 2009) .................................................................................................4

*England v. JPMorgan Chase Bank, N.A.*,
 No. 4:14-CV-183-Y, 2014 WL 12588508 (N.D. Tex. June 19, 2014)...................................11

*Fath v. BAC Home Loans*,
 No. 3:12-cv-1755, 2013 WL 3203092 (N.D. Tex. Jun. 25, 2013)...........................................9

*Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*,
 565 F.3d 200 (5th Cir. 2009) ..........................................................................................7, 10

*Hugh Symons Grp. v. Motorola, Inc.*,
 292 F.3d 466 (5th Cir. 2002) ...............................................................................................10

*Johnson v. Vericrest Financial, Inc.*,
No. 3:09-CV-1260-M, 2010 WL 3464971 (N.D. Tex. Aug. 27, 2010)...................................11

*Johnson v. Wells Fargo Bank, N.A.*,
No. 3:13–CV–1793–M, 2014 WL 717191 (N.D. Tex. Feb. 24, 2014).....................................9

*Kazmi v. BAC Home Loans Servicing, Inc.*,
No. 4:11-CV-375, 2012 WL 629440 (E.D. Tex. Feb. 3, 2012)...............................................12

*Keen v. Suntrust Mortg., Inc.*,
No. 1:10–CV–733, 2013 WL 1181451 (E.D. Tex. Mar. 19, 2013) ..........................................7

*Kiper v. BAC Home Loans Servicing, L.P.*,
884 F. Supp. 2d 561 (S.D. Tex. 2012), *aff'd*, 534 F. App'x 266 (5th Cir. 2013) ....................7

*Little v. Liquid Air Corp.*,
37 F.3d 1069 (5th Cir. 1994) ..................................................................................................4

*Marsh v. Wells Fargo Bank, NA*,
No. 3:10-cv-1283-M, 2011 WL 180031 (N.D. Tex. Jan. 19, 2011) ........................................12

*Martins v. BAC Home Loans Servicing, L.P.*,
722 F.3d 249 (5th Cir. 2013) ..................................................................................................8

*Matsushita Elec. Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986)................................................................................................................4

*Milton v. U.S. Bank Nat'l Ass'n*,
508 F. Appx. 326 (5th Cir. 2013)...........................................................................................10

*Milton v. Wells Fargo Nat'l Ass'n*,
508 F. App'x 326 (5th Cir. 2013) ...........................................................................................9

*Montalvo v. Bank of Am. Corp.*,
864 F. Supp. 2d 567 (W.D. Tex. 2012 )..................................................................................9

*Mortberg v. Litton Loan Servicing, LP*,
No. 4:10-CV-668, 2011 WL 4431946 (E.D. Tex. Aug. 30, 2011) ........................................12

*Ogundipe v. Wells Fargo Bank, N.A.*,
CIV.A. H-11-2387, 2012 WL 3234211 (S.D. Tex. Aug. 6, 2012) ..........................................5

*Palomino v. Wells Fargo Bank, N.A.*,
No. 6:15-CV-00375-RWS-KNM, 2017 WL 989300 (E.D. Tex. Feb. 17,
2017), *report and recommendation adopted,* No. 2017 WL 978930 (E.D. Tex.
Mar. 14, 2017)......................................................................................................................11

*Peoples v. BAC Home Loans Servicing, LP*,
    No. 4:10–CV–489–A, 2011 WL 1107211 (N.D. Tex. Mar. 25, 2011)....................................12

*Ragas v. Tennessee Gas Pipeline Co.*,
    136 F.3d 455 (5th Cir. 1998) .......................................................................................4

*Ramsey v. Henderson*,
    286 F.3d 264 (5th Cir. 2002) .......................................................................................4

*Spencer v. Deutsche Bank Nat'l Tr. Co.*,
    CIV.A. H-14-0164, 2014 WL 7151505 (S.D. Tex. Sept. 17, 2014), CIV.A. H-
    14-0164, 2014 WL 7151538 (S.D. Tex. Dec. 12, 2014)...........................................7

*Turner v. Baylor Richardson Med. Center*,
    476 F.3d 337 (5th Cir. 2007) .......................................................................................4

*Williams v. Wells Fargo Bank, N.A.*,
    560 F. App'x 233 (5th Cir. 2014) ................................................................................8

**Federal Rules**

Fed. R. Civ. P. 56..............................................................................................................3

Fed. R. Civ. P. 56(c) .........................................................................................................4

**State Statutes**

TEX. PROP. CODE § 51.002 ...............................................................................................11

TEX. PROP. CODE § 51.002(b) .......................................................................................5, 6

TEX. PROP. CODE § 51.002(d) .........................................................................................5

TEX. PROP. CODE § 51.002(e) .........................................................................................5

Defendant PHH Mortgage Corporation ("PHH" or "Defendant") files this Motion for Summary Judgment and respectfully shows the Court the following:

## I.     NATURE AND STAGE OF THE PROCEEDING

Plaintiff Wendy Garcia ("Plaintiff") filed this lawsuit in a baseless attempt to delay the foreclosure sale of real property located at 11419 Blackhawk Blvd., Houston, Texas 77089 (the "Property").  Plaintiff alleges that PHH failed to serve foreclosure notices.  She also alleges that PHH misrepresented that the foreclosure sale would be cancelled while a loan modification application was pending.  Plaintiff asserts claims for wrongful foreclosure, "no notice of default/notice of acceleration/notice of sale," and common law fraud.  She seeks temporary and permanent injunctive relief, damages, including special and exemplary damages, and attorney's fees.

As demonstrated herein, Plaintiff's claims fail in their entirety.  Each of Plaintiff's claims should be dismissed because the evidence refutes each claims and/or the claims fail as a matter of law and on no-evidence grounds.  Furthermore, Plaintiff has no damages because no foreclosure sale has occurred and Plaintiff remains in possession of the Property.   The summary judgment evidence and legal arguments presented herein demonstrate that there is no genuine issue of fact to be tried in this case.  Defendant is therefore entitled to summary judgment.

## II.     SUMMARY JUDGMENT EVIDENCE

Defendant's Motion for Summary Judgment is supported by the following evidence:

- **Exhibit A** – Declaration of Gina Feezer, with the following exhibits attached:

  o   Exhibit A-1: Adjustable Rate Note dated August 29, 2006

  o   Exhibit A-2: Deed of Trust dated August 29, 2006

- o   <u>Exhibit A-3</u>: Loan Modification Agreement effective July 28, 2011

- o   <u>Exhibit A-4</u>: Corporate Assignment of Deed of Trust dated May 9, 2019

- o   <u>Exhibit A-5</u>:  Notice of Default dated December 10, 2019

- o   <u>Exhibit A-6</u>:  Notice of Acceleration of Maturity dated April 28, 2020 and Notice of Sale dated May 4, 2020 (the "Notice of Acceleration and Sale")

- o   <u>Exhibit A-7</u>:  Excerpts from Loan Notes

- o   <u>Exhibit A-8</u>: Affidavit of Mailing of the Notice of Acceleration and Sale.

- • **<u>Exhibit B</u>** – Declaration of Sahar H. Shirazi, with the following exhibits attached:

- o   <u>Exhibit B-1</u>: Plaintiff's Responses to Defendant's Requests for Admissions, Interrogatories, and Requests for Production

- o   <u>Exhibit B-2</u>:  Letter dated May 12, 2020 produced by Plaintiff

### III.      STATEMENT OF FACTS

**A.   THE LOAN**

On or about August 29, 2006, Plaintiff executed an Adjustable Rate Note (the "Note") in the amount of $116,910.00 made payable to Resmae Mortgage Corporation.  *See* Ex. A-1.  On that same day, Plaintiff executed a Deed of Trust (the "Deed of Trust") that granted a security interest in the Property to secure repayment of the Note.  *See* Ex. A-2.  In July 2011, Plaintiff entered into a Modification Agreement. *See* Ex. A-3.  (The Note and Deed of Trust, including any modifications thereof, are collectively referred to herein as the "Loan").  HSBC Bank USA, National Association, as Trustee for Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2007-3 is the current noteholder and beneficiary of the Deed of Trust.  Ex. A, ¶ 4; Ex. A-4.  PHH Mortgage Corporation is the current servicer of the Loan.  *Id.*

**B.**      **PLAINTIFF'S DEFAULT AND THE ACCELERATION OF THE MATURITY OF THE LOAN**

Under the Terms of the Note and Deed of Trust, Plaintiff was required to make monthly payments on the 1st day of each month beginning October 1, 2006.  *See* Ex. A-1 at ¶ 4.  Failure to make timely payments constituted default, and was grounds for foreclosure.  *See* Ex. A-2 at ¶ 22.  Plaintiff entered into a loan modification agreement in 2011.  *See* Ex. A-3.  Plaintiff thereafter failed to make payment under the terms of the Note and Deed of Trust.  *See* Ex. A at ¶¶ 7, 10.  Accordingly, on December 10, 2019, PHH sent a Notice of Default by certified mail, deposited in the United States mail, postage prepaid, and addressed to Plaintiff at her last known address.  *See* Ex. A at ¶ 7; Ex. A-5. On May 8, 2020, Defendant's foreclosure counsel sent a Notice of Acceleration and Sale to Plaintiff at her last known address.  *See* Ex. A at ¶ 8; Ex. A-6; Ex. A-8.  The Loan is currently due for the June 1, 2019 payment and all subsequent payments due thereafter.  Ex. A at ¶ 10.

**C.**      **NO FORECLOSURE SALE HAS OCCURRED**

A foreclosure sale was scheduled to occur on June 2, 2020.  Ex. A-6.  However, on May 12, 2020, PHH put the foreclosure on hold because it received a loss mitigation application from Plaintiff.  Ex. A at ¶ 9.  In addition, Plaintiff obtained a temporary restraining order on June 1, 2020 to halt any sale.  *See* Doc. 1-6.  Plaintiff still has possession of the Property.  Ex. B-1 at Response to Request for Admission Nos. 26 & 27.

## IV.      ARGUMENTS AND AUTHORITIES

**A.**      **SUMMARY JUDGMENT STANDARD**

Summary judgment is proper under Rule 56 of the Federal Rules of Civil Procedure when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(c).  The moving party has the burden of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the non-movant bears the burden of proof at trial, the movant need only point to the absence of evidence to support an essential element of the non-movant's case; the movant does not have to support its motion with evidence negating the non-movant's case.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

If the movant succeeds, the nonmovant must come forward with evidence "such that a reasonable party could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The non-movant "must come forward with 'specific facts showing there is a genuine issue for trial.'"  *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  "A factual dispute is deemed 'genuine' if a reasonable juror could return a verdict for the nonmovant, and a fact is considered 'material' if it might affect the outcome of the litigation under the governing substantive law."  *Cross v. Cummins Engine Co.*, 993 F.2d 112, 114 (5th Cir. 1993).  The non-movant "cannot defeat summary judgment with conclusory, unsubstantiated assertions, or 'only a scintilla of evidence.'"  *Turner v. Baylor Richardson Med. Center*, 476 F.3d 337, 343 (5th Cir. 2007).  Conjecture, conclusory allegations, unsubstantiated assertions and speculation are also not adequate to satisfy the non-movant's burden.  *Little*, 37 F.3d at 1079; *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002).  Nor are pleadings competent summary judgment evidence.  *Little*, 37 F.3d at 1075.  "A district court may not make credibility determinations or weigh evidence when deciding a summary judgment motion."  *EEOC v. Chevron Phillips*, 570 F.3d 606, 612 n. 3 (5th Cir. 2009).  Nor does the court have to sift through the record in search of evidence to support opposition to summary judgment.  *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

**B.**     **DEFENDANT SENT ALL REQUIRED FORECLOSURE-RELATED NOTICES TO PLAINTIFF AND IS THEREFORE ENTITLED TO SUMMARY JUDGMENT DISMISSING PLAINTIFF'S CLAIMS**

To the extent Plaintiff's claims are based upon her allegations that Defendant failed to send proper foreclosure-related notices before the Property was scheduled for foreclosure in June 2020, such claims should be dismissed because the summary judgment evidence conclusively establishes all required notices were served upon Plaintiff.

### i.     *Notice of Default was Properly Served*

The Texas Property Code requires a mortgage servicer to serve a debtor in default with written notice by certified mail stating that the Note is in default and providing at least twenty days to cure before any notice of sale can be given. *See* TEX. PROP. CODE § 51.002(d). Service is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. *Id.* § 51.002(e). *See also Ogundipe v. Wells Fargo Bank, N.A.*, CIV.A. H-11-2387, 2012 WL 3234211, at *5 (S.D. Tex. Aug. 6, 2012) ("Notice to the debtor is satisfied so long as the notice is deposited for delivery to the debtor's last known address via certified mail."); *Hill v. Fremont Inv. & Loan*, No. 05–02–01438–CV, 2004 WL 1178607, at *3 (Tex. App. – Dallas May 28, 2004, no pet.) ("Because §§ 51.002(b) and (d) of the Texas Property Code only require that the certified mail be deposited for delivery, the fact that appellant may never have received the mail is not dispositive.").

The Deed of Trust further requires that the notice specify the default, the action required to cure the default, a date at least 30 days from the date of notice by which the default must be cured, and that failure to cure will result in acceleration of the debt. *See* Ex. A-2 ¶ 22.

In this case, the Notice of Default satisfies the requirements of the Texas Property Code and Deed of Trust. On December 10, 2019, PHH sent the Notice of Default to Plaintiff at her last

known address by U.S. certified mail providing notification of default, that the amount required to cure the default at that time was $6,476.77, and that the maturity date of the Note would be accelerated if the default was not cured by January 14, 2020.  *See* Ex. A-1 at ¶ 7; Ex. A-5.

### ii.    *Notice of Acceleration and Sale was Properly Served*

PHH also sent proper notice of acceleration and sale.  Effective acceleration requires notice of intent to accelerate and notice of acceleration, which must both be "clear and unequivocal."  *Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 566 (Tex. 2001). The Notice of Default included clear notice of intent to accelerate and provided thirty days to cure the default.  *See* Ex. A-5.  The Notice of Acceleration and Sale was sent to Plaintiff at her lst known addresses by U.S. certified mail, return receipt requested on May 8, 2020, which is after the thirty-day minimum set out in the Notice of Default and required by the Deed of Trust, and providing notice that the maturity date of the Loan had been accelerated and that the Property had been scheduled for a foreclosure sale on June 2, 2020, which is more than 21 days from the date the notice was sent as required by Section 51.002(b) of the Texas Property Code.  *See* Ex. A, ¶ 8; Ex. A-6; Ex. A-8.

Based on the foregoing, there can be no dispute that Defendant sent the Notice of Default and Notice of Acceleration and Sale to Plaintiff in compliance with the Deed of Trust and Texas law.  Additionally, Plaintiff has no evidence that Defendant did not send her the Notice of Default and Notice of Acceleration and Sale.  Consequently, Defendant is entitled to summary judgment dismissing Plaintiff's claims to the extent they are premised upon a failure to send proper foreclosure notices.

## C.   THE FRAUD CLAIM FAILS

Plaintiff's fraud claim is based upon her allegation that PHH misrepresented that it would not foreclose while Plaintiff's loan modification application was pending.  Cmplt. ¶¶ 32-38; Ex. B-1 at Response to Interrogatory No. 4.  Plaintiff claims PHH made such misrepresentations both orally and in writing in a May 12, 2020 letter (the "May 12th Letter").  *Id.*; Ex. B-2.  Plaintiff's fraud claims fail.

### i.   *Plaintiff Cannot Establish the Elements of a Fraud Claim*

The elements of a fraud claim in Texas are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.  *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 212 (5th Cir. 2009).

Under Texas law, fraud claims must be based upon either a misrepresentation of an existing fact or a promise of future performance where there was never any intent to perform. *Spencer v. Deutsche Bank Nat'l Tr. Co.*, CIV.A. H-14-0164, 2014 WL 7151505, at *5 (S.D. Tex. Sept. 17, 2014), report and recommendation adopted, CIV.A. H-14-0164, 2014 WL 7151538 (S.D. Tex. Dec. 12, 2014) (citing *Kiper v. BAC Home Loans Servicing, L.P.*, 884 F. Supp. 2d 561, 573 (S.D. Tex. 2012), *aff'd*, 534 F. App'x 266 (5th Cir. 2013); *Keen v. Suntrust Mortg., Inc.*, No. 1:10–CV–733, 2013 WL 1181451, at *5–6 (E.D. Tex. Mar. 19, 2013)).

In support of her fraud claim, Plaintiff relies upon the May 12th Letter, which states that "[a]ny applicable foreclosure actions are on hold." Ex. B-2.  Plaintiff contends that such statement is fraudulent because PHH "attempted to proceed forward with the foreclosure on that date."  Ex.

B-1 at Response to Interrogatory No. 4.  However, the May 12th Letter was sent *after* the Notice of Default and Notice of Acceleration and Sale were mailed.  As such, the foreclosure notices are not evidence of any intent on the part of PHH to not place the foreclosure sale on hold.  Plaintiff does not point to any other "evidence" of PHH's alleged attempts to proceed with foreclosure on or after May 12, 2020.   To the contrary, the evidence establishes that PHH did, in fact, put a hold on the foreclosure proceedings on May 12, 2020.  Ex. A, ¶ 9; Ex. A-7.  Furthermore, the foreclosure sale scheduled for June 2, 2020 was not completed, a fact that Plaintiff admits.  Ex. B-1 at Response to Request for Admission Nos. 26 & 27; Ex. A-1, ¶ 9.  Thus, the alleged promise in the May 12th Letter was not fraudulent or otherwise untrue.

In addition, Plaintiff's fraud claim fails because Plaintiff has not suffered any damages. Texas law precludes a plaintiff who remains in possession of the subject property from alleging a compensable injury with respect to a foreclosure sale.  *See Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no pet.).  Plaintiff admits she has not lost possession of the Property, and there has been no foreclosure sale.  *See* Ex. B-1 at Response to Request for Admission Nos. 26 & 27; Ex. A ¶ 9 ("To date, no foreclosure sale of the Property has occurred."). Defendant is therefore entitled to summary judgment dismissing the fraud claim.

### ii.   *To the Extent Plaintiff Premises the Fraud Claim upon Alleged Oral Misrepresentations Related to an Alleged Promise to Modify the Loan, the Fraud Claim is Barred by the Statute of Frauds*

Under Texas law, promises or agreements to modify a loan are subject to the statute of frauds and must be in writing to be enforceable where, as is the case here, the loan is for more than $50,000.  *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238-39 (5th Cir. 2014) ("any alleged oral promise or agreement to modify the . . . loan is unenforceable under the statute of frauds."); *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013)

(stating that "[a]n agreement regarding the . . . modification of a loan must . . . be in writing to be valid" and holding that claims based on alleged oral promise that property would not be foreclosed were precluded by the statute of frauds); *Montalvo v. Bank of Am. Corp.*, 864 F. Supp. 2d 567, 582 (W.D. Tex. 2012 ) ("both Texas state and federal courts have concluded that . . . any alleged agreement to modify the original loan . . . must be in writing"); *Casey v. Fed. Home Loan Mortg. Ass'n,* No. H-11-3830, 2012 WL 1425138, *7 (S.D. Tex. Apr. 23, 2012 ) ("oral agreement to modify [the note and deed of trust] . . . is not valid, under Texas law, if it is not in writing."); *Fath v. BAC Home Loans*, No. 3:12-cv-1755, 2013 WL 3203092, at *6 (N.D. Tex. Jun. 25, 2013) ("[A]ny oral statements that Plaintiff claims modified, terminated, or otherwise altered the Deed of Trust, the Note, or any other agreement between the parties are barred by the statute of frauds."); *Bailey v. BAC Home Loans Servicing, LP*, No. 4:11-CV-590, 2012 WL 5497632, at *2 (E.D. Tex. Nov. 13, 2012) ("any unilateral . . . contract modifying the underlying Note and Deed of Trust [is] subject to the statute of frauds."); *Bassknight v. Deutsche Bank Nat. Trust Co.*, No. 3:12-CV-1412-M BF, 2014 WL 6769085, at *7 (N.D. Tex. Dec. 1, 2014) (stating that "[i]n Texas, a lender's promise to delay foreclosure is subject to the statute of frauds and must be in writing to be enforceable" and holding that statute of frauds precluded claim based on promise not to foreclose), *subsequently aff'd*, 611 F. App'x 222 (5th Cir. 2015); *Milton v. Wells Fargo Nat'l Ass'n*, 508 F. App'x 326, 328-29 (5th Cir. 2013).[1]  *See also* Ex. A-1 (reflecting Loan amount in excess of $50,000).   Therefore, the statute of frauds precludes Plaintiff's claim to the extent she

---

[1]*See also Johnson v. Wells Fargo Bank, N.A.*, No. 3:13–CV–1793–M, 2014 WL 717191, *5 (N.D. Tex. Feb. 24, 2014); *Choe v. Bank of Am., N.A.*, No. 3:13-CV-0120, 2013 WL 3196571, at *4 (N.D. Tex. June 25, 2013) (holding that statute of frauds barred claim based on alleged oral promise not to foreclose); *BACM 2001–1 San Felipe Rd. Ltd. P'ship v. Trafalgar Holdings I, Ltd.*, 218 S.W.3d 137, 144 (Tex. App.—Houston [14th Dist] 2007, pet. denied); *Ellen v. F.H. Partners, LLC*, No. 03-09-00310-CV, 2010 WL 4909973, at *5 (Tex. App.—Austin Dec. 1, 2010, no pet.) (holding that promise not to foreclose on property was unenforceable because the promise was "an oral modification of a loan agreement that was subject to the statute of frauds").

is claiming Defendant failed to honor an oral agreement to modify the Loan.  Plaintiff cannot meet her burden to prove the statute of frauds is satisfied. *See Hugh Symons Grp. v. Motorola, Inc.*, 292 F.3d 466, 469 (5th Cir. 2002) (Plaintiff has the burden of proving that the statute of frauds is satisfied).  As such, any claim premised upon the alleged oral promise to modify the loan and/or to not foreclose is barred by the statute of frauds.

### iii.    Plaintiff's Fraud Claim Fails on No-Evidence Grounds

There is no evidence that Defendant made a false representation to Plaintiff with knowledge of its falsity and with the intent that Plaintiff act on such representation. *See Flaherty & Crumrine*, 565 F.3d at 212; *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.,* 51 S.W.3d 573, 577 (Tex. 2001).  There is no evidence of any misrepresentations of existing fact or promises of future performance with no intention of performing such promise.  Nor is there any evidence that Plaintiff detrimentally relied on any alleged misrepresentation by Defendant.  Indeed, any reliance on the alleged misrepresentation would be unreasonable as a matter of law. *See Milton v. U.S. Bank Nat'l Ass'n*, 508 F. Appx. 326, 330 (5th Cir. 2013) ("reliance on oral representations by customer service representatives that were contradicted by the terms of the loan agreement and the notice of foreclosure was not reasonable as a matter of law").  In addition, there is no evidence Plaintiff has been damaged (nor can there be, as no foreclosure sale has occurred). As such, Plaintiff's fraud claim fails on no-evidence grounds.

## D.    PLAINTIFF'S TEXAS PROPERTY CODE AND WRONGFUL FORECLOSURE CLAIMS FAILS

Plaintiff further asserts a wrongful foreclosure claim based on alleged violations of the Texas Property Code or failure to send proper foreclosure notices. *See* Cmplt. ¶¶19-21.  Plaintiff's claim fails.

As an initial matter, Section 51.002 does not provide a private right of action. *See Palomino v. Wells Fargo Bank, N.A.*, No. 6:15-CV-00375-RWS-KNM, 2017 WL 989300, at *3 (E.D. Tex. Feb. 17, 2017) ("As Defendants correctly point out, Section 51.002 of the Texas Property Code, however, does not provide Plaintiffs with a private right of action.") (internal quotation omitted), *report and recommendation adopted,* No. 2017 WL 978930 (E.D. Tex. Mar. 14, 2017); *Carey v. Wells Fargo*, No. CV H-15-1666, 2016 WL 4246997, at *2-3 (S.D. Tex. Aug. 11, 2016) ("Section 51.002 of the Texas Property Code, however, does not provide Plaintiffs with a private right of action."); *England v. JPMorgan Chase Bank, N.A.*, No. 4:14-CV-183-Y, 2014 WL 12588508, at *1 (N.D. Tex. June 19, 2014) ("Plaintiff asserts a claim under Texas Property Code section 51.002, but there is no private right of action under that provision . . . ."); *Ashton v. BAC Home Loan Servicing, L.P.*, No. 4:13-cv-810, 2013 WL 3807756, at *2 (S.D. Tex. Jul. 19, 2013) ("This Court has not found any cases that interpret section 51.002 to establish an independent right of action for damages. The section also does not contain its own enforcement mechanism.").

Consequently, courts have construed claims for violation of the Texas Property Code relating to foreclosure-related notices as claims for wrongful foreclosure.  *See Palomino*, 2017 WL 989300, at *3; *Carey*, 2016 WL 4246997, at *3; *England*, 2014 WL 12588508, at *1; *Anderson v. National City Mortg.*, No. 3:11-CV-1687-N, 2012 WL 612562, at *6 (N.D. Tex. Jan. 17, 2012); *Johnson v. Vericrest Financial, Inc.*, No. 3:09-CV-1260-M, 2010 WL 3464971, at *4 (N.D. Tex. Aug. 27, 2010); *Ashton*, 2013 WL 3807756, at *2; *Bittinger v. Wells Fargo Bank NA*, No. H–10–1745, 2011 WL 3568206, at *4 (S.D. Tex. Aug. 15, 2011).

However, a wrongful foreclosure claim fails as a matter of law because it is undisputed that there has been no foreclosure. *See* Ex. B-1 at Response to Request for Admission Nos. 26 &

27; Ex. A, ¶ 9.  Texas law does not recognize a cause of action for an attempted wrongful foreclosure.  *See Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011); *Mortberg v. Litton Loan Servicing, LP*, No. 4:10-CV-668, 2011 WL 4431946, at *6 (E.D. Tex. Aug. 30, 2011); *Baker v. Countrywide Home Loans, Inc.*, No. 3:08-CV-0916-B, 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009); *Marsh v. Wells Fargo Bank, NA*, No. 3:10-cv-1283-M, 2011 WL 180031, at *5-6 (N.D. Tex. Jan. 19, 2011); *Peoples v. BAC Home Loans Servicing, LP*, No. 4:10–CV–489–A, 2011 WL 1107211, at *4 (N.D. Tex. Mar. 25, 2011).  Therefore, Plaintiff has no claim under the Texas Property Code or for wrongful foreclosure, and as a result, such claims should be dismissed with prejudice.

### E.  PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF

Under Texas law, a request for injunctive relief is not a cause of action itself, but depends on an underlying cause of action.  *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010).  "Injunctive relief is simply a form of equitable remedy." *Id.*; *see also Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (holding that injunctive relief requires that plaintiff first plead viable underlying cause of action).  Here, as demonstrated *supra*, Plaintiff has no viable underlying claims, and her request for injunctive relief should therefore be denied. *See, e.g., Davis v. Bank of America*, No. 3:11-CV-3276-B, 2012 WL 2679452, at *4 (N.D. Tex. July 6, 2012); *Kazmi v. BAC Home Loans Servicing, Inc.*, No. 4:11-CV-375, 2012 WL 629440, at *15 (E.D. Tex. Feb. 3, 2012); *Deranchesi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 626-27 (N.D. Tex. 2011).

**F.      PLAINTIFF IS NOT ENTITLED TO ATTORNEY'S FEES**

Plaintiff's request for attorney's fees must be denied because there are no viable causes of action supporting an award of attorney's fees to Plaintiff. *Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 390 (Tex. 1997).  Therefore, Plaintiff is not entitled to recover any attorney's fees.

## V.      CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court grant this Motion for Summary Judgment and dismiss Plaintiff's claims with prejudice in their entirety.  Defendant further prays that the Court grant it all such other and further relief, in law or in equity, to which it may be justly entitled.

Respectfully submitted,

**LOCKE LORD LLP**

/s/ *Sahar H. Shirazi*
_____
**Robert T. Mowrey (Attorney-in-Charge)**
State Bar No. 14607500 / S.D. Bar No. 9529
rmowrey@lockelord.com
**Arthur E. Anthony**
State Bar No. 24001661 / S.D. Bar No. 27943
aanthony@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (facsimile)

**Sahar H. Shirazi**
S. D. Bar No. 2149563 / State Bar No. 24085809
sahar.shirazi@lockelord.com
600 Travis Street, Suite 2800
Houston, Texas  77002
(713) 226-1200
(713) 223-3717 (facsimile)

**COUNSEL FOR DEFENDANT**
**PHH MORTGAGE CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on March 3, 2021, on the following via ECF Notice pursuant to the Federal Rules of Civil Procedure:

Nicholas Martinez
The Weschler Martinez Law Firm
1111 North Loop West, Suite 702
Houston, Texas 77008
*Counsel for Plaintiff*

/s/ *Sahar H. Shirazi*
Sahar H. Shirazi