IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WENDY M. GARCIA, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:20-CV-02004 |
| | § | |
| PHH MORTGAGE CORPORATION, | § | |
|     DEFENDANT. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUMMARY JUDGMENT**

Plaintiff WENDY M. GARCIA ("Plaintiff") files this response to Defendant PHH Mortgage Corporation's ("Defendant") summary judgment and would respectfully show unto the Court as follows:

## I.   BACKGROUND AND FACTS

1. Plaintiff owns the real property at 11419 Blackhawk Blvd., Houston, Harris County, Texas 77089 (the "Property") and has a mortgage with Defendant on the Property.

2. During 2020, Plaintiff sought assistance with her mortgage with Defendant.

3. While Plaintiff was working to obtain assistance with Defendant, Defendant represented to Plaintiff on May 12, 2020 that "There are certain foreclosure protections to which this account is entitled since we have received the complete application. **Any applicable foreclosure actions are on hold**." *See* Ex. B, Defendant Letter May 12, 2020 (emphasis added).

4. Believing Defendant's letter to be true and correct, Plaintiff continued working with Defendant to try and obtain assistance, not worrying that any foreclosure would occur.

5. While discussing her loan modification with Defendant, Defendant advised Plaintiff that a foreclosure was indeed going to occur on June 2, 2020.

1

6. Plaintiff filed this lawsuit to stop Defendant's foreclosure sale scheduled for June 2, 2020 and obtained a temporary restraining order on June 1, 2020 from the 190th Judicial District Court of Harris County, Texas. *See* Ex. C, Temporary Restraining Order.

7. Thanks to Plaintiff's ability to obtain a temporary restraining order, the foreclosure was stopped and the status quo was preserved and the Property was not foreclosed on.

8. Plaintiff did not suffer damages per se since the temporary restraining order prevented the foreclosure.

9. However, Plaintiff did incur attorney's fees to stop the foreclosure and preserve Plaintiff's rights in the Property. *See* Ex. D, Affidavit of Nicholas T. Martinez on Attorney's Fees.

10. Plaintiff is only seeking to recover those costs and fees and to preserve the status quo of her Property.

## II.   ARGUMENTS AND AUTHORITIES

A.   *STANDARD OF REVIEW FOR SUMMARY JUDGMENT*

11. Summary judgment is only appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Hamburger v. State Farm Mut. Ins. Co.*, 361 F.3d 875, 879 (5th Cir. 2004). Facts and inferences must be viewed in a light most favorable to the non-moving party. *Williams v. Bramer*, 180 F.3d 699, 702 (5th Cir. 1999).

B.   *PLAINTIFF IS ENTITLED TO SEEK RECOVERY ON ATTORNEY'S FEES FOR OBTAINING AN INJUNCTION*

12. Multiple Texas courts have upheld an award of attorney's fees where one party was granted an injunction, but not monetary damages. *Butler v. Arrow Mirror & Glass, Inc.*, 51 S.W.3d 787,

797 (Tex. App.- Houston [1st Dist.] 2001, no pet.); *Williams v. Compressor Eng'g Corp*, 704 S.W.2d 469, 474 (Tex. App.- Houston [14th Dist.] 1986, writ ref'd n.r.e).

13. In the *Arrow Mirror* case, the Court ruled that an injunction was necessary to protect the plaintiff's interests, although the plaintiff failed in obtaining monetary damages from the defendant. *Butler v. Arrow Mirror & Glass, Inc.*, 51 S.W.3d at 797. The Court reasoned that by obtaining an injunction in and of itself, that held considerable value and the recovery of attorney's fees was an addition to the plaintiff's relief requested. *Id.*

14. Here, the foreclosure did not occur because Plaintiff successfully obtained a court order halting that foreclosure. Plaintiff had to expend attorney's fees to stop that foreclosure. Plaintiff is entitled to seek those fees as a recovery in this case.

C.     PLAINTIFF'S FRAUD CLAIM REMAINS

15. A common law fraud claim requires a material representation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury. *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015).

16. Here, Defendant's May 12, 2020 letter unequivocally stated that all foreclosures were on hold and foreclosures would not go forward. However, Defendant notified Plaintiff of a new foreclosure on June 2, 2020 and set that date for a foreclosure sale.

17. Defendant materially represented that *no* foreclosures would occur. This statement was patently false- Defendant set the Property for foreclosure on June 2, 2020.

18. Defendant was fully aware that the statement they made on May 12, 2020 was false because the declaration of Gina Feezer attached to Defendant's motion admits as much. Ms. Feezer stated that on May 8, 2020, Defendant noticed the Property for foreclosure and sent Plaintiff a copy of

3

that notice. *See* Declaration of Gina Feezer, ¶ 8. However, on May 12, 2020, Defendant represented *the exact opposite* to Plaintiff- that there would be *no* foreclosures on the Property and that all foreclosures are halted. Defendant cannot have it both ways- notice the Property for foreclosure on May 8, 2020 and then four days later on May 12, 2020 represent that no foreclosures would occur. However, after Plaintiff received the May 12, 2020 letter, Defendant represented that they were indeed foreclosing on the Property. In addition, Defendant never removed the Property from the June 2, 2020 foreclosure listings and never disavowed that foreclosure date with Harris County.

19. Defendant argues at length that any oral representations made by Defendant are not enforceable misrepresentations by citing a group of cases that discuss modifications to a deed of trust or other mortgage documents. Plaintiff is not attempting to argue Defendant changed any mortgage documents. On the contrary, Plaintiff is merely stating that Defendant stated, after the May 12, 2020 letter, that the June 2, 2020 foreclosure proceeding was moving forward. The statute of frauds does not bar Plaintiff from alleging this representation and does not remove the representation from being considered as valid summary judgment evidence.

### III.   PRAYER

20. Wherefore, Plaintiff that this Court deny Defendant PHH Mortgage Corporation's Motion for Summary Judgment and grant Plaintiff all other relief to which she is entitled.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **THE WELSCHER MARTINEZ LAW FIRM** |
| Dated: <u>March 24, 2020</u> | /s/ Nicholas Martinez |
|  | Nicholas T. Martinez, *Attorney-in-charge* |
|  | TBN: 24087986 |
|  | S.D. Tex. No.: 2200215 |
|  | 1111 North Loop West, Suite 702 |
|  | Houston, Texas 77008 |
|  | Telephone: (713) 862-0800 |
|  | Facsimile: (713) 862-4003 |
|  | Email: nmartinez@twmlawfirm.com |
|  | **ATTORNEYS FOR PLAINTIFF** |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of this Motion was filed with the Clerk of Court through the CM/ECF system, which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Mail Notice List and the counsel listed below.

***Via CM/ECF System***
Robert T. Mowrey
Locke Lord LLP
2200 Ross Ave., Suite 2200
Dallas, Texas 75201-6776
*Attorney for Defendant*

|  |  |
|---|---|
| Dated: <u>March 24, 2020</u> | /s/ Nicholas Martinez |
|  | Nicholas T. Martinez, *Attorney-in-charge* |
|  | TBN: 24087986 |
|  | S.D. Tex. No.: 2200215 |
|  | 1111 North Loop West, Suite 702 |
|  | Houston, Texas 77008 |
|  | Telephone: (713) 862-0800 |
|  | Facsimile: (713) 862-4003 |
|  | Email: nmartinez@twmlawfirm.com |
|  | **ATTORNEYS FOR PLAINTIFF** |